for summary judgment. *See Finley, supra.* As a result, THF's motion for summary judgment fails to comply with Rule 74.04(c)(1) and the trial court erred in granting summary judgment.

It is also apparent that Soffer's motion for summary judgment fails to meet the requirements of Rule 74.04(c)(1). Soffer's motion for summary judgment alleges the same arguments as THF's inadequate motion. Furthermore, although Soffer's motion sets forth separately numbered paragraphs, none of the paragraphs references supporting documentation such as pleadings, discovery, or affidavits as required by Rule 74.04(c)(1). Like THF's motion, Soffer's motion states that the grounds for the motion are set forth in the accompanying memorandum of law. However, this does not relieve Soffer of complying with the requirements of Rule 74.04(c)(1). *See Finley, supra.* As a result, the trial court erred in granting Soffer's motion for summary judgment.

There is, of course, no reason why respondents could not draft new motions for summary judgment and submit them for the trial court's determination. *See Johns v. Continental Western Ins. Co.,* 802 S.W.2d 196, 199[2] (Mo.App.1991). This court expresses no opinion on the merits of such motions. It is therefore unnecessary to consider appellant's remaining points on appeal. The judgment of the trial court is reversed and remanded.

CRANE, P.J. and TURNAGE, Senior Judge, concur.

---

**M.S.S., Plaintiff/Appellant,**

**v.**

**D.D., Respondent/Respondent.**

**No. 68059.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 26, 1995.

Wittner, Poger, Rosenblum & Spewak, P.C., Barbara L. Greenberg, St. Louis, for appellant.

Allan F. Stewart, Catherine W. Keefe, Braun, Stewart & Keefe, P.C., Clayton, for respondent.

Before REINHARD, P.J., and KAROHL and DOWD, JJ.

*ORDER*

PER CURIAM.

Natural father appeals from the trial court's order denying his motion to set aside his consent to the adoption of his child. We affirm. The findings and conclusions of the trial court are not erroneous; no error of law appears. An extended opinion would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order affirming the judgment pursuant to Rule 84.16(b).